(86 South. 82)

BIRMINGHAM RY., LIGHT & POWER CO. v. ASHWORTH. (6 Div. 609.)

(Court of Appeals of Alabama. April 12, 1920. Rehearing Denied May 20, 1920.)

1. PLEADING ⊙⇒8(3)—COMPLAINT FOR DAMAGES FROM PUBLIC NUISANCE MUST STATE FACTS.

Complaint of house mover against power company for damages from nuisance through maintenance of poles in street which prevented moving of house, stating the conclusion that the setting of the poles in the street constituted a nuisance, was demurrable.

2. MUNICIPAL CORPORATIONS ⊙⇒698—HOUSE MOVER, SEEKING TO UNREASONABLY USE STREET, COULD NOT COMPLAIN OF OBSTRUCTION BY POLES.

If a house mover was seeking to use a street for an unreasonable purpose, or in such manner as to constitute a nuisance, he could not complain of its obstruction by a power company's poles as constituting a nuisance giving him right of action for damages.

3. MUNICIPAL CORPORATIONS ⊙⇒698 — COMPLAINT OF HOUSE MOVER, OBSTRUCTED BY POLES IN STREET, REQUIRED TO ALLEGE FACTS SHOWING HIS OWN USE NOT A NUISANCE.

Complaint of house mover against power company for damages from obstruction of street by poles should allege facts to show that the purpose for which plaintiff mover sought to use the street was such a use as would not of itself constitute a nuisance, and allegation that the obstruction of the street by the poles prevented him from moving a dwelling or tenement house, without showing of its size, etc., was insufficient.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4.. MUNICIPAL CORPORATIONS ☞698—HOUSE MOVER'S COMPLAINT AGAINST POWER COMPANY FOR STREET OBSTRUCTION SHOULD SHOW OBSTRUCTION OF MOVER'S REASONABLE USE.

Plaintiff house mover's complaint for damages from a nuisance against a power company whose poles obstructed a street should allege facts to show the poles were erected in the street so as to obstruct the reasonable uses that a street can be put to, and that plaintiff mover was seeking to use the street in a reasonable manner for a reasonable use. ·

5. MUNICIPAL CORPORATIONS ☞698—HOUSE MOVER, CLAIMING DAMAGES FROM POWER COMPANY FOR OBSTRUCTION OF STREET, SHOULD ALLEGE POLES ERECTED WITHOUT MUNICIPALITY'S CONSENT.

To give plaintiff house mover a right of action for nuisance against a power company whose poles obstructed a street, he should have alleged the poles were erected along the street without the consent of the municipality or; if erected by its consent, were placed so as to constitute an abuse of the right granted; plaintiff's mere conclusion that the poles constituted a nuisance being insufficient.

6. MUNICIPAL CORPORATIONS ☞698 — MEASURE OF HOUSE MOVER'S DAMAGES FROM OBSTRUCTION OF STREET BY POWER COMPANY'S POLES STATED.

If plaintiff house mover was prevented from the reasonable use of a street by the fault of defendant power company in placing its poles, he was entitled to recover the reasonable difference in the cost of removing a house in the manner in which he did have to remove it over what it would have cost to remove it but for the power company's poles, not being entitled to any damages for delay, loss of time, or ,use of tools and equipment.

7. DAMAGES ☞62(1)—HOUSE MOVER, COMPLAINING OF OBSTRUCTION OF STREET, COULD NOT SIT IDLE ON MEETING IT.

When a house mover encountered a pole of a power company obstructing the street, he could not sit by and recover for such idle time, but was under the duty to act promptly and to minimize the damages as much as possible, and to do everything reasonable to such end.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwinn, Judge.

Action by John Ashworth against the Birmingham Railway, Light & Power Company and another, stricken as a party defendant by amendment, for damages for obstructing a street. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The facts sufficiently appear from the opinion of the court and the report of the certiorari decision of the Supreme Court in Ex parte John Ashworth, In re Birmingham Ry. L. & P. Co, v. Ashworth, 204 Ala. 391, 86 South. 84.

Tillman, Bradley & Morrow, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

The demurrers to the complaint as last amended should have been sustained. 108 Ala. 45, 18 South. 820, 35 L. R. A. 303; 137 Iowa, 122, 114 N. W. 10, 14 L. R. A. (N. S.) 448; 110 Minn. 163, 124 ʌ. W. 969, 125 N. W. 895, 136 Am. St. Rep. 460; 197 Mass. 199, 83 N. E. 415, 14 L. R. A. (N. S.) 194, 125 Am. St. Rep. 351; 130 Ind. 71, 29 N. E. 408, 15 L. R. A. 64, 30 Am. St. Rep. 201; 151 Mich. 309, 115 N. W. 244, 16 L R. A. (N. S.) 689; (C. C.) 185 Fed. 615; 162 N. Y. Supp. 193; Curtis, Law of Electricity, 549.

Estes & Jones, of Bessemer, for appellee.

Sections 22 and 220, Constitution of 1901, should be constantly borne in mind in considering this case. The franchise claimed was revocable or amendable. 172 Ala. 125, 55 South. 176, Ann. Cas. 1913D, 696; 84 Ala. 94; 108 Ala. 45, 18 South. 820, 35 L. R. A. 303. The grant was subject to the police power. Pond, Public Utilities, §§ 102, 108, 413. A private citizen has the right to remove a nuisance found in the public street. 52 Ala. 400; 86 Ala. 94, 5 South. 780; 168 Ind. 321, 80 N. E. 961, 10 L. R. A. (N. S.) 780, 11 Ann. Cas. 635; 5 Cal. 120, 63 Am. Dec. 110. The doctrine, "The king can do no wrong," does not here obtain. 133 Ala. 459, 32 South. 144, 59 L. R. A. · 399, 91 Am. St. Rep. 46; 108 Ala. 45; 18 South. 820, 35 L. R. A. 303; section 5193, Code 1907.

BRICKEN, P. J. Appellee brought suit against appellant to recover damages which resulted from certain electric light poles having obstructed plaintiff's way in moving a house along Fairfax avenue in the city of Bessemer. The suit was originally brought against appellant and the Southern Bell Telephone & Telegraph Company, but by amendment the latter was stricken out as a party defendant. The complaint consisted of one count, and as amended reads:

"The plaintiff, John Ashworth, claims of the defendants, Birmingham Railway Light & Power Company, a corporation, and the Southern Bell Telephone & Telegraph Company, a corporation, the sum of $500 as damages for that heretofore about, to wit, November, 1914, the plaintiff with the privilege and authority duly granted him by the city of Bessemer therefor, undertook to remove for one M. C. Bradley a dwelling or tenement house, which he had contracted and agreed to move for said Bradley, along Fairfax avenue and from, to wit, the corner of Owen street and Fairfax avenue to or near, to wit, Bradley street and Fairfax avenue, a distance of about, to wit, three blocks; and which Fairfax avenue plaintiff avers was a public street or highway in said city; and plaintiff avers that said defendants had and maintained a nuisance, consisting of

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

posts, or poles, set in Fairfax avenue, and between said Owen and Bradley streets, so that it was impossible for plaintiff to move said house along Fairfax avenue, and which avenue plaintiff avers was the only reasonably safe way or route by which said house could be removed, and plaintiff avers that he requested and demanded of said defendants that they remove. and plaintiff avers that it became and it was their duty to remove, said poles or posts, so as to allow the plaintiff a way or room enough to remove said house along said avenue; and plaintiff avers that, notwithstanding said duty of the defendants, they unlawfully, willfully, and negligently failed and refused to remove said poles. or posts, so as to allow plaintiff to move said house as he undertook and was wont to do; and plaintiff avers that as a proximate consequence of said wrongs of defendants he was greatly delayed in moving said house, was caused and made to lose time, pay extra wages for hands, had to cut the house in twain and move it in two parts, and then put it together. again, all at extra expense, and was caused and made to lose time, lose the use of his tools and equipment which he kept and used for the removal of houses, among other things; and plaintiff avers that he was greatly vexed, inconvenienced, harassed, and worried on account of said defendants so invading his legal rights and interfering with his business as aforesaid; hence this suit."

The complaint was amended by adding the following:

"Now comes the plaintiff in above-entitled cause and amends his complaint therein by interlining therein just after the words 'and plaintiff avers that notwithstanding said' and just preceding the words 'duty of the defendants, they unlawfully, willfully, and negligently,' where they first occur together therein, the following words: 'Demand and.' "

The following was also added as an amendment to the complaint:

"Now comes the plaintiff in above cause and amends his complaint therein as amended by striking out the Southern Bell Telephone & Telegraph Company, a corporation, as a party defendant, so as in all things to leave said cause of action standing alone against the Birmingham Railway, Light & Power Company."

To the complaint, as amended, the appellant demurred, among others, upon the following grounds: (2) For that it does not appear with sufficient certainty what the defendant owed the plaintiff; (8) for that it does not appear therefrom with sufficient certainty wherein or how the defendant violated any duty which it owed to plaintiff; (12) for that it does not appear that said poles were unlawfully put or maintained in said street by the defendant; (13) for aught that appears said poles were put and maintained at said place or places by leave of and with the consent of the municipality in which said street is; (18) for that it does not appear therefrom that the use sought to be made of the street was a reasonable one.

The court overruled these demurrers and this ruling constitutes the first assignment of error.

[1] We are of the opinion, and so hold, that the court was in error in overruling these demurrers. It cannot be denied that a municipality has authority to prevent a light company or telephone company to erect its poles along its street, that is, along the margin of the streets. If said poles are so erected as not to obstruct the use of the streets for ordinary travel and uses to which a street is placed, it cannot be said that such poles constitute a nuisance. It will be noted that in the complaint it is simply alleged, "And plaintiff avers that said defendants had and maintained a nuisance, consisting of posts, or poles, set in Fairfax avenue, and between said Owen and Bradley streets, so that it was impossible for plaintiff to move said house along Fairfax avenue." No facts are set forth to show the manner in which said poles are set, and the pleader contents himself with stating his conclusion that the setting of the poles in the street constituted a nuisance. No facts are alleged to show in what portion of the street the poles were placed, and to show that said poles were unlawfully placed.

[2] Again, if the plaintiff was seeking to use the street for an unreasonable purpose, he could not complain of the obstruction.

[3] The complaint should allege facts to show that the purpose for which the plaintiff sought to use the street was such a use as would not of itself constitute a nuisance. He simply avers that the alleged obstruction prevented him from removing "a dwelling or tenement house." Nothing is alleged to show the size of the house, or that it could have been moved along said street without itself obstructing the street and constituting a nuisance.

If the plaintiff was himself seeking to use the street in such a manner as to constitute a nuisance, he could not complain of the fact that he was prevented from doing so by obstructions placed in the street by the defendant.

[4] The complaint should allege facts to show that the poles were erected in the street in such manner as to obstruct the use of the street for the reasonable uses that a street can be put to, and that the plaintiff was seeking to use the street in a reasonable manner for a reasonable use. The right of a municipality to permit the erection of light poles along its streets is expressly granted by Const. 1901, § 220.

[5] In order to give plaintiff a right of action, he should have alleged that the poles were erected along the street without the consent of the municipality, or that, if erected by the consent of the municipality, they were so placed as to constitute an abuse of

the right granted. The mere conclusion of the pleader that the poles constituted a nuisance is not sufficient.

There are numerous assignments of error, based upon the action of the court in refusing to give written charges requested by defendant, and also numerous assignments of error based upon tne rulings of the court upon the admission and rejection of evidence. We do not deem it necessary to pass separately upon each of these assignments of error. The foregoing is sufficient, we think, as a guide as to what testimony is admissible to show plaintiff's right to recover. The objections to the evidence, and many of the refused charges, relate to the damages to which plaintiff would be entitled, if entitled to recover at all.

[6] We will state the rule of damages applicable to such cases, which will be a sufficient guide to the trial court upon another trial. If plaintiff was prevented from the reasonable use of the street by the fault of the defendant, he would be entitled to recover the reasonable difference in the cost of removing the house in the manner in which he did have to remove it over what it would have cost to remove it but for the obstructions caused by the defendant. He would not be entitled to any damages for delay, loss of time, use of tools and equipment. It was the duty of the plaintiff to move the house as cheaply and expeditiously as possible; the only damages to which he would be entitled would be, as above set forth, the reasonable cost of the difference.

[7] When the plaintiff encountered the obstructions placed by the defendant, he could not "fold his hands" and sit idly by and recover for this idle time. It was his duty to act promptly, and minimize the damages as much as possible, and to do everything reasonable and convenient to this end.

For the error pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.